UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINZELLA JENKINS,<br>　　　　Plaintiff<br>　　v.<br>UNITY HEALTH CARE, INC., *et al.*,<br>　　　　Defendants | Civil Action No. 22-175 (CKK) |

**MEMORANDUM OPINION**
(April 19, 2022)

In this action, Plaintiff Quinzella Jenkins, who proceeds *pro se* alleges that Unity Health Care, Inc. ("Unity") and Dr. Anne Depasquale negligently failed to test or treat her when she reported to a Unity facility complaining of severe pain. For this alleged negligence, Plaintiff seeks "pain and suffering" damages of $500,000. Pending before the Court is the United States' [3] Combined Motion to Substitute the United States as Defendant and Motion to Dismiss. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes that the United States is the proper defendant under the Public Health Service Act and that the Court lacks jurisdiction over Plaintiff's claims. Accordingly, the United States' Combined Motion shall be **GRANTED,** and this case shall be dismissed.

---

[1] The Court's consideration has focused on:
- The United States' Combined Motion to Substitute the United States as Defendant Pursuant to 42 U.S.C. § 233(G)(1)(A) and [2] Motion to Dismiss ("Gov.'s Mot."), ECF No. 3;
- Plaintiff's Response ("Pl.'s Resp."), ECF No. 9; and
- Reply in Further Support of The United States' Combined Motion ("Gov.'s Reply"), ECF No. 10.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

## I. BACKGROUND

### A. Factual Background

The following facts, which the Court must accept as true at this stage of the proceedings, are set forth in Plaintiff's Complaint, ECF No. 1-1, as supplemented by her response to the United States' Motion to Dismiss, ECF No. 9. *See Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (requiring a court to consider a *pro se* plaintiff's "filings as a whole" in resolving a motion to dismiss).

Plaintiff Quinzella Jenkins alleges that on or around September 10, 2019, she went to her primary care doctor, Dr. Anne Depasquale at a Unity facility located at 3946 Minnesota Avenue NE in Washington, D.C. because she continued to feel ill after she "was seen" at a hospital in August 2019. Compl. at 1, ECF No. 1-2; Am. Compl. at 3, ECF No. 9. Plaintiff claims that she was "refused" treatment and advised by Dr. Depasquale to "go to the hospital." Compl. at 1. She alleges that Unity did not take urine or blood samples. *Id.* at 2. Dr. Depasquale purportedly instructed Plaintiff to "go have emergency surgery at the hospital." Am. Compl. at 3. Plaintiff claims that, due to Unity's alleged "refusal" to treat her, she remained in pain until she was referred by a separate doctor to a kidney specialist, who determined that she had "bilateral kidney stones on top of a UTI," for which she had surgery on October 18, 2019. *Id.* at 4. Based on these allegations, Plaintiff seeks $500,000 in damages for her "pain and suffering." *Id.* She selected "negligence" as the basis of her claims against Unity and Dr. Depasquale on the D.C Superior Court civil information coversheet submitted with her original complaint. Compl. at 3.

### B. Procedural Background

Plaintiff filed her Complaint in D.C. Superior Court on September 27, 2021. Compl. On February 1, 2022, the United States filed a [1] Notice of Removal, which indicates that Unity is a

an "entity described in 42 U.S.C. § 233(g)(4) (a public or non-profit private entity receiving federal funds under section 254b of Title 42 pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n))." Not. of Removal ¶ 2. Attached to the Notice of Removal is a certification by Brian P. Hudak, Acting Chief of the Civil Division, United States Attorney's Office for the District of Columbia, who certifies that "pursuant to 42 U.S.C. §§ 233(c) and 233(g)(1)(A) . . . Unity Health Care, Inc., and its employee, Dr. Anne Depasquale were acting as deemed employees of the Public Health Service at the time of the alleged incidents." Certification, ECF. No. 1-2. Based on this certification, the United States relies on 42 U.S.C. § 233(c) as the basis for removing this action to federal court. Section 233(c) provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto.

42 U.S.C. § 233(c). Because this provision authorizes removal "at any time before trial," the United States' removal was timely.

On February 1, 2022, the United States filed a [3] Combined Motion to Substitute the United States as Defendant Pursuant to 42 U.S.C. § 233(G)(1)(A) and Motion to Dismiss. The United States contends that it is the proper defendant pursuant to the Public Health Service Act, 42 U.S.C. § 233, which allows the government to substitute itself for employees of the Public Health Service who are sued in state civil actions if those defendants are Secretary of Health and Public Health Service employees, and the Attorney General has certified that these Defendants were acting in their scope of employment when they performed the acts which gave rise to the suit. 42 U.S.C. § 233(c),(g)(1)(A). In seeking dismissal of this action, the United States contends that

3

Plaintiff has failed to exhaust her administrative remedies, that her claim is time-barred, and that her sparse factual allegations fail to state a claim upon which relief may be granted.

In an order dated February 2, 2022, the Court directed Plaintiff to file a response to the United States' Combined Motion by no later than March 2, 2022. In accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court advised Plaintiff that a failure to respond by that date would result in the Court treating the motion as conceded and dismissing the case. The Court also ordered Plaintiff to "include in her response to [the Combined Motion] either an Amended Complaint, or a precise statement of the nature of the claims she is making in her Complaint and the legal grounds" as it is "difficult for the Court to fathom the precise nature of Plaintiff's claims and their legal grounds from Plaintiff's Complaint." Order, ECF No. 4.

On February 14, 2022, Plaintiff filed a [5, 6] Request for an Extension, in which Plaintiff requested a "thirty-day extension" to file an "Amended Complaint." Plaintiff appeared to have misunderstood the Court's February 2, 2022 Order as requiring her to file a response to Defendant's Combined Motion by February 18, 2022—when in fact the Court set a deadline of March 2, 2022. Nonetheless, the Court granted Plaintiffs' requested extension, and directed Plaintiff to file her response by no later than April 1, 2022.

On March 9, 2022, Plaintiff submitted a document indicating that she does not oppose the motion to substitute the United States as a defendant. Pl.'s Resp. at 2. She does oppose the United States' motion to dismiss, but does not address any of the specific arguments raised in that motion. *See id.* at 2. Plaintiff includes in the same filing some additional factual allegations about her claims. *Id.* at 3–4 (which the Court has presented in the previous section). She also filed thirty-four pages of medical records.

## II. LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citation omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted). "While *pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction." *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) (citations and internal quotations omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am.*

*Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

### III.   DISCUSSION

**A. The United States Properly Substituted Itself for Defendants.**

The Court first considers whether the United States is properly substituted as the sole defendant in this case. Because Plaintiff does not oppose the United States' motion on this point, the Court's discussion shall be brief.

Under the Public Health Service Act, 42 U.S.C. § 233, the government may "substitute itself for employees of the Public Health Service ("PHS") who are defendants in a state civil tort action, so long as [1] the Secretary of Health and Human Services (the "Secretary") has deemed the defendants to be PHS employees, and [2] the Attorney General has certified that these defendants were acting in their scope of employment when they performed the acts which gave rise to the suit." *Afolabi-Brown v. Coombs*, Civil Action No. 18-1409 (EGS), 2019 WL 1331039, at *2 (D.D.C. Mar. 25, 2019) (citing 42 U.S.C. § 233(c),(g)(1)(A)). The United States indicates that Unity is a grantee of the Department of Health and Human Services ("DHHS") by operation of the Public Health Services Act. Gov.'s Mot. at 5–6.

The United States has submitted a declaration of Meredith Torres, an Attorney in the General Law Division, Office of the General Counsel of DHHS, who avers that Unity "was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2018, and its coverage has continued without interruption since that time." Declaration of Meredith Torres ("Torres Decl.") ¶ 5, ECF No. 3-2. Ms. Torres further avers that Dr. Depasquale "was an employee of [Unity] at all times relevant to Plaintiff's complaint in this case." *Id.* ¶ 6. These submissions demonstrate that the Secretary deemed Unity and Dr. Depasquale to be PHS employees at the relevant time of Plaintiff's allegations. "This evidence of the Secretary's final determination is enough to bring [Unity] under FTCA coverage." *Afolabi-Brown*, 2019 WL 1331039, at *3*.

"After the Secretary determines PHS employee status, the Attorney General may certify that the entity and the employee were acting within the scope of employment 'at the time of the incident out of which the suit arose,' leading to the action's removal to federal court and to the substitution of the government for the defendants." *Id.* (citing 42 U.S.C.§ 233(c)). Such certification has been delegated to the "United States Attorney for the district where the civil action or proceeding is brought." 28 C.F.R. § 15.4(a). Although it "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee, it does "constitute *prima facie* evidence that the employee was acting within the scope of his employment." *Afolabi-Brown*, 2019 WL 1331039, at *3 (quoting *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006)) (additional citations and quotation marks omitted).

In this case, the United States has submitted a certification by Brian P. Hudak, Acting Chief of the Civil Division, United States Attorney's Office for the District of Columbia, who certifies that "pursuant to 42 U.S.C. §§ 233(c) and 233(g)(1)(A) . . . Unity Health Care, Inc., and its

7

employee, Dr. Anne Depasquale were acting as deemed employees of the Public Health Service at the time of the alleged incidents." Certification, ECF. No. 1-2. Plaintiff has not contested the government's certification, nor has she offered any facts or arguments to rebut that the defendants were acting within the scope of their employment when they performed the acts which gave rise to the suit. Accordingly, Unity and Dr. Depasquale were PHS employees acting within their scope of employment at the time of the events described by Plaintiff, which allows the United States to substitute itself on their behalf.

### B. This Case Shall Be Dismissed for Lack of Jurisdiction.

In general, "the federal government, its agencies, and federal officials when sued in their official capacities, are absolutely shielded from tort actions for damages unless sovereign immunity has been waived." *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316 (D.D.C. 1985) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Mitchell,* 445 U.S. 535, 538 (1980)). The Federal Tort Claims Act ("FTCA") "operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims." *Rashad v. D.C. Cent. Det. Facility*, 570 F. Supp. 2d 20, 23 (D.D.C. 2008) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)). Under the FTCA, a plaintiff may sue the government for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). Though sparse, Plaintiffs factual allegations appear to fall within this category, as she alleges that Unity and Dr. Pasquale negligently failed to treat her for her pain.

To bring suit under the FTCA, claimant must first satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a). This section provides:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the

> negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been *finally denied by the agency* in writing and sent by certified or registered mail. . .

28 U.S.C. § 2675(a) (emphasis added).  The Supreme Court has interpreted this section to mean that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  A claimant's failure to "heed [the FTCA's] clear statutory command" warrants dismissal of the claim.  *Id.* (upholding dismissal of FTCA claim for lack of jurisdiction when plaintiff failed to exhaust administrative remedies); *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997) (holding that the "FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional."); *Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981) (stating that section 2675(a) is a "'jurisdictional prerequisite[]' to suit"); *GAF Corp.*, 818 F.2d at 904–05 (stating section 2675(a) imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States");  *Henderson v. Ratner*, No. CV 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. 2010) (affirming dismissal of FTCA claim when "[claimant] failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court").

Here, the United States argues that Plaintiff failed to satisfy the FTCA's exhaustion requirement by commencing a civil action without having filed any administrative tort claim.  Gov.'s Mot. at 8–9; Torres Decl. ¶ 4.  Plaintiff does not dispute that she has never filed any claim with the appropriate federal agency, nor has she made any allegation that she has done so or provided any record of such claim.  Therefore, Plaintiff has failed to demonstrate that she adhered to the FTCA's exhaustion requirement, and her claims must be dismissed for lack of jurisdiction.

Moreover, section 2401(b) "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim.'" *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). A tort claim accrues "by the time a plaintiff has discovered both his injury and its cause." *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir. 1987) (citation and quotation marks omitted). Although a court may equitably toll the limitations period, it may do so only if the plaintiff demonstrates "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff here has not argued that either basis for tolling applies. Her allegations involve conduct occurring in September 2019, meaning that her time period to present a claim to the appropriate federal agency expired as of September 2021. She never submitted such claim, and section 2401 bars her from doing so at this time.

Lastly, the Court addresses whether it should dismiss this action with or without prejudice. Although the Supreme Court has affirmed a dismissal with prejudice for failure to comply with the exhaustion requirements of section 2675(a), *see McNeil*, 508 U.S. at 113, courts in this Circuit have often dismissed such cases without prejudice, *see, e.g.*, *Simpkins*, 108 F.3d at 372 (reversing in part district court's dismissal with prejudice and remanding for dismissal without prejudice); *M.J. v. Georgetown Uni. Med. Ctr.*, No. 13-5321, 2014 WL 1378274, at *1 (D.C. Cir. 2014) (modifying district court's dismissal pursuant to *Simpkins*). Here, however, the Court finds that dismissal with prejudice is appropriate because Plaintiff's limitation period to present an administrative claim expired before she filed this pending lawsuit.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' [3] Combined Motion to Substitute the United States as Defendant and Motion to Dismiss. This case shall be dismissed with prejudice. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: April 19, 2022